UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jerome B. Simandle |
| v. | : | Crim. No. 09-626 (JBS) |
| DMITRIY SMILIANETS | : | Complex Case Order |

This matter having been opened to the Court on the joint application of the United States of America (Paul J. Fishman, United States Attorney, by Andrew S. Pak and Gurbir S. Grewal, Assistant United States Attorneys, appearing) and defendant Dmitriy Smilianets (Andrey Tikhomirov, Esq., appearing), for an order continuing this matter and excluding time for purposes of the Speedy Trial Act of 1974, Title 18, United States Code, Sections 3161 - 3174 (the "Speedy Trial Act"); and for an order declaring this matter to be a complex case pursuant to pursuant to Title 18, United States Code, Section 3161(h)(7)(B); and the defendant and the Government having agreed with the findings of fact contained in this order and having consented to the continuance and the entry of this order; and the Court having found that an order granting a continuance of the proceedings in the above-captioned matter should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case is a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii).

2. The Second Superseding Indictment in this case consists of one count

of conspiracy to commit unauthorized computer access, one count of conspiracy to commit wire fraud, six counts of unauthorized computer access, and three counts of wire fraud. The facts underlying the allegations in the Second Superseding Indictment occurred over a period of several years.

3. The discovery in the case is voluminous, consisting of, among other things, multiple terabytes of electronic data and documents from seized computers, e-mail accounts, and other sources.

4. In light of the allegations, the defendant needs sufficient time to investigate the charges. The defendant also needs time to determine whether the filing of motions is appropriate and, if so, the nature of the motions to be filed.

5. In light of these findings, and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

6. Failure to grant a continuance would deny counsel for defendant and the Government reasonable time necessary for effective preparation of this case, taking into account the exercise of due diligence.

9. Both the Government and the defendant consent to the aforementioned continuance.

10. Pursuant to Title 18 of the United States Code, Section 3161(h)(7), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this __6rd__ day of October, 2014,

ORDERED that the proceedings in the above-captioned matter are continued for one year from the date this order is signed; and

IT IS FURTHER ORDERED that the one-year period from and including the date that this order is signed will be excludable in computing time under the Speedy Trial Act; and

IT IS FURTHER ORDERED that the trial of this case will begin on or about a date set by the Court.

*[signature]*
HONORABLE JEROME B. SIMANDLE
United States District Judge

Form and entry
consented to:

*[signature]*
Andrew S. Pak
Assistant U.S. Attorney

*[signature]*
Andrey Tikhomirov, Esq.
Counsel for defendant Dmitriy Smilianets