Ex. C-1
9-16-15



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, NJ 07102*

ASP/GG/PL AGR
2013R00080

May 19, 2015

Andrey Tikhomirov
1400 Avenue Z, Ste. 505
Brooklyn, NY 11235

      Re: <u>Plea Agreement with Dmitriy Smilianets</u>
          Cr # 09-626

Dear Mr. Tikhomirov:

      This letter sets forth the plea agreement between your client, Dmitriy Smilianets, and the United States Attorney for the District of New Jersey and the Criminal Division of the United States Department of Justice ("this Office").

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Dmitriy Smilianets to Count Two of the Second Superseding Indictment, Crim. No. 09-626, charging him with conspiracy to commit wire fraud in a manner affecting a financial institution, in violation of 18 U.S.C. § 1349. If Dmitriy Smilianets enters a guilty plea and is sentenced on the charge consistent with the stipulated range under Federal Rule of Criminal Procedure 11(c)(1)(C), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dmitriy Smilianets for his involvement in a conspiracy to possess and traffic stolen payment card information and related personal identifying information between in or about December 2003 and July 2012. In addition, if Dmitriy Smilianets fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts One and Three through Eleven of the Second Superseding Indictment, Crim. No. 09-626, against Dmitriy Smilianets. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations

on the date this agreement is signed by Dmitriy Smilianets may be commenced against him, notwithstanding the expiration of the limitations period after Dmitriy Smilianets signs the agreement. Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

Should the Court at any time reject this plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the United States Probation Department of information related to sentencing, and such information may be used by the Court in determining whether to accept this plea and in deciding Dmitriy Smilianets' sentence.

Sentencing

The violation of 18 U.S.C. § 1349 to which Dmitriy Smilianets agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on Dmitriy Smilianets, the sentencing judge: (1) will order Dmitriy Smilianets to pay an assessment of $100 pursuant to 18 U.S.C. § 3013 per count, which assessment must be paid by the date of sentencing; (2) must order Dmitriy Smilianets to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Dmitriy Smilianets, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (4) pursuant to 18 U.S.C. § 3583, may require Dmitriy Smilianets to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should Dmitriy Smilianets be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dmitriy Smilianets may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

This Office and Dmitriy Smilianets agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence to be imposed on Dmitriy

Smilianets, should be as follows: (1) between 0 months and 240 months of incarceration; (2) a term of supervised release of not more than five years; (3) a special assessment of $100; and (4) full restitution to the victims of the offenses of conviction.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office and Dmitriy Smilianets agree that no other sentence or fine is appropriate, beside those set forth in the preceding paragraph. If the Court accepts this plea agreement, Dmitriy Smilianets must be sentenced accordingly.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dmitriy Smilianets' activities and relevant conduct with respect to this case.

Stipulations

This Office and Dmitriy Smilianets agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dmitriy Smilianets from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to

respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

Dmitriy Smilianets knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence includes a period of incarceration between 0 to 240 months.

This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence includes a period of incarceration between 0 to 240 months. Furthermore, if the Court accepts the terms of this plea agreement, including the period of incarceration stipulated to by the parties, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Forfeiture

Defendant Dmitriy Smilianets agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, Dmitriy Smilianets will consent to the entry of a forfeiture money judgment in an amount to be determined by the date of sentencing in this case representing (1) property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a conspiracy to commit such offense; and (2) any property, real or personal, involved in a money laundering offense or any property traceable to such property within the meaning of 18 U.S.C. § 981(a)(1) (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check, with the criminal docket number noted on the face of the check, payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Dmitriy Smilianets shall cause said check to be hand-delivered to the Asset Forfeiture and Money

Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Dmitriy Smilianets is sentenced, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if defendant Dmitriy Smilianets fails to pay any portion of the Forfeiture Money Judgment on or before the date of his sentencing date, Dmitriy Smilianets consents to the forfeiture of any other property alleged to be subject to forfeiture in the Indictment, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Dmitriy Smilianets agrees to consent to the entry of orders of forfeiture for the Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Dmitriy Smilianets understands that the forfeiture of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Dmitriy Smilianets hereby waives any and all claims that this forfeiture constitutes and excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea,

conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Criminal Division of the United States Department of Justice, and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dmitriy Smilianets. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Dmitriy Smilianets.

No provision of this agreement shall preclude Dmitriy Smilianets from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Dmitriy Smilianets received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Dmitriy Smilianets and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney
District of New Jersey

By: ANDREW S. PAK
GURBIR S. GREWAL
Assistant U.S. Attorneys
District of New Jersey

RICHARD D. GREEN
Senior Trial Attorney
Computer Crimes and Intellectual
  Property Section
Criminal Division, U.S. Department
  of Justice

APPROVED:

JOHN GAY
Deputy Chief, Criminal Division
District of New Jersey

I have received this letter from my attorney, Andrey Tikhomirov Esq. I have read it, and I understand it fully. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, and immigration consequences, as well as the impact Federal Rule of Criminal Procedure 11(c)(1)(C) has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 9/16/2015 D.S.
Dmitriy Smilianets                      ~~36 June 2015~~
                                        D.S.

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, and immigration consequences, as well as the impact Federal Rule of Criminal Procedure 11(c)(1)(C) has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: ~~5/22/2015~~
Andrey Tikhomirov, Esq.              SEPT 16/2015 A.T.

- 8 -

Plea Agreement With Dmitriy Smilianets

Schedule A

1. This Office and Dmitriy Smilianets agree to stipulate to the following facts:

    a. From in or about December 2003 through in or about July 2012, Dmitriy Smilianets and others agreed to traffic in approximately over 130 million stolen credit and debit card numbers (the "Stolen Data").

    b. The Stolen Data came from, among other places, the unlawful intrusions into computer networks of the following victim companies beginning on or about the dates identified below:

| Victim | Approximate Date of Initial Intrusion |
| --- | --- |
| 7-Eleven, Inc. | August 2007 |
| JCPenney, Inc. | October 2007 |
| Hannaford Brothers Co. | November 2007 |
| Heartland Payment Systems, Inc. | December 2007 |
| Wet Seal, Inc. | January 2008 |
| Dexia Bank Belgium | February 2008 |
| JetBlue Airways | January 2008 |

    c. Dmitriy Smilianets was provided the Stolen Data by co-conspirators Vladimir Drinkman, Aleksandr Kalinin, and Roman Kotov to sell for profit.

    d. Dmitriy Smilianets sold the Stolen Data to other online resellers of stolen payment card information, who, in turn, sold them to individuals that encoded the Stolen Data onto the magnetic strips of blank plastic cards, which they and others used to make unauthorized ATM withdrawals and to incur unauthorized credit card charges.

    e. Dmitriy Smilianets charged approximately $10 for each stolen American payment card number and associated data; approximately $50 for each stolen European payment card number and associated data; and

approximately $15 for each stolen Canadian payment card number and associated data. Additionally, Dmitriy Smilianets offered discounted pricing to bulk and repeat customers.

   f. The losses resulting from the criminal conduct of Dmitriy Smilianets and his co-conspirators exceed $200 million.

   g. It was foreseeable to Dmitriy Smilianets that the losses resulting from his own criminal conduct and the criminal conduct of his co-conspirators would exceed $200 million.

   h. As of the date of this letter, Dmitriy Smilianets has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.

   i. As of the date of this letter, the Dmitriy Smilianets has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, permitting the government and the court to allocate their resources efficiently.

   2. In accordance with the above, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that a sentence of between 0 to 240 months imprisonment and a period of not more than five years of supervised release, full restitution to the victims of the offense of conviction, (hereinafter the "Stipulated Sentence") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below the Stipulated Sentence. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

   3. Dmitriy Smilianets knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the Stipulated Sentence if it is imposed by the Court. This Office will not file any appeal, motion or writ which challenges the Stipulated Sentence if it is imposed by the Court. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts the stipulations set forth in Schedule A, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

        4. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ or motion not barred by the preceding paragraph.